IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREEDOM PATH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-1537-D |
| VS. | § | |
| | § | |
| LOIS G. LERNER, in her personal | § | |
| capacity as former Director, Exempt | § | |
| Organizations Division, Internal Revenue | § | |
| Service, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Freedom Path, Inc.'s ("Freedom Path's") June 30, 2015 motion for leave to amend first amended complaint is granted, and Freedom Path is granted leave to file its proposed second amended complaint. The May 26, 2015 motion to dismiss of United States of America and the Internal Revenue Service, which is addressed to Freedom Path's first amended complaint, is denied without prejudice as moot.[1]

I

Freedom Path moves for leave to file a second amended complaint. Defendants

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

oppose the motion.² In sum, they maintain that Freedom Path has already had a chance to amend, it could have included in its first amended complaint the matters it now seeks to add, and it has given no reason why it failed to include all its desired amendments in its first amended complaint. Defendants also contend—indeed, they emphasize the contention—that Freedom Path's proposed amendment would for several reasons be futile.

II

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). When, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). "Granting leave to amend . . . 'is by no means automatic.'" *Hoffman v. L & M Arts*, 2012 WL 4321739, at *4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.

---

²Defendants filed their response on July 21, 2015. Freedom Path's reply is not due until August 4, 2015. As permitted by N.D. Tex. Civ. R. 7.1(f), the court in its discretion is deciding this motion prior to receipt of a reply brief. *See Solomon v. Godwin & Carlton, P.C.*, 898 F. Supp. 415, 416 n.2 (N.D. Tex. 1995) (Fitzwater, J.) (applying former Local Rule 5.1(f)).

1993) (internal quotation marks omitted)). In deciding whether to grant leave to amend, "[t]he court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

Freedom Path's proposed amendment is presumed to be timely because no scheduling order has yet been entered in this case.[3] The court concludes that the relevant factors do not support denying leave to amend. Freedom Path has not unduly delayed, acted in bad faith or with dilatory motive, or repeatedly failed to cure deficiencies by amendments previously allowed. And the court concludes that defendants will not be unduly prejudiced if the court grants leave to amend.

### III

As for defendants' arguments about futility of amendment, this court has often explained that

> the court's almost unvarying practice . . . is to address the merits of [a] claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

---

[3] At defendants' request, the court on July 24, 2014 deferred the parties' obligation to submit a scheduling proposal until after the court decided defendants' motion to dismiss. After the court entered its ruling, the parties requested another extension, and the court on April 14, 2015 deferred the scheduling proposal deadline until after it decides defendants' forthcoming motion to dismiss (which, in effect, applies to the motion that defendants intend to file in response to Freedom Path's second amended complaint).

*Hoffman*, 2012 WL 4321739, at *5 (quoting *Garcia*, 2006 WL 298156, at *1) (internal citation and quotations omitted). The court will apply its almost unvarying practice here, and will grant Freedom Path's motion without considering whether to deny leave to amend based on futility of amendment.

IV

Because the court is granting Freedom Path leave to file its second amended complaint, defendants' May 26, 2015 motion to dismiss, which is addressed to Freedom Path's first amended complaint, is denied without prejudice as moot.

\* \* \*

For the reasons explained, Freedom Path's June 30, 2015 motion for leave to amend first amended complaint is granted, and Freedom Path is granted leave to file its proposed second amended complaint. Defendants' May 26, 2015 motion to dismiss is denied without prejudice as moot.

**SO ORDERED**.

July 29, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE