IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREEDOM PATH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-1537-D |
| VS. | § | |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The question presented is whether the "facts and circumstances" test of Revenue Ruling 2004-6—which is used by defendant Internal Revenue Service ("IRS") to determine whether an organization that is otherwise exempt from federal income tax under 26 U.S.C. § 501(a) has made expenditures that subject the organization to income tax under 26 U.S.C. § 527(f), and to determine whether certain applicants qualify for tax exempt status—is unconstitutionally vague and/or overbroad, in violation of the First Amendment, or void for vagueness, in violation of the Due Process Clause of the Fifth Amendment. Concluding that Revenue Ruling 2004-6 is not unconstitutional on its face, the court denies plaintiff Freedom Path, Inc.'s ("Freedom Path's") motion for partial summary judgment.

I

Because this case is the subject of three prior memorandum opinions and orders, *see Freedom Path, Inc. v. Lerner*, 2016 WL 3015392, at *1 (N.D. Tex. May 25, 2016) (Fitzwater, J.); *Freedom Path, Inc. v. Lerner*, No. 3:14-CV-1537-D, slip op. at 1 (N.D. Tex.

July 29, 2015) (Fitzwater, J.); *Freedom Path, Inc. v. Lerner*, 2015 WL 770254, at *1 (N.D. Tex. Feb. 24, 2015) (Fitzwater, J.), the court will recount only the background facts and procedural history that are pertinent to this decision.[1]

A

The Internal Revenue Code exempts certain entities from income taxation. *See* 26 U.S.C. § 501(a). Among these entities are social welfare groups that are exempted from income taxation under § 501(c)(4). They include "[c]ivic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare." By regulation, "[a]n organization is operated exclusively for the promotion of social welfare if it is primarily engaged in promoting in some way the common good and general welfare of the people of the community." 26 C.F.R. § 1.501(c)(4)-1(a)(2)(i). Policy issue advocacy, such as by mailings and television advertisements, is considered legitimate social welfare activity. *See, e.g.*, *Wisc. Right to Life, Inc. v. Barland*, 751 F.3d 804, 809 (7th Cir. 2014). But "[t]he promotion of social welfare does not include direct or indirect participation or intervention in political campaigns on behalf of or in opposition to any candidate for public office." 26 C.F.R. § 1.501(c)(4)-1(a)(2)(ii). If a group that is tax exempt under § 501(c)(4) makes an expenditure for such a function—that is, an "exempt function"—the group may be

---

[1]In deciding Freedom Path's motion for partial summary judgment, the court views the evidence in the light most favorable to the government as the summary judgment nonmovant and draws all reasonable inferences in its favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

subject to income tax under 26 U.S.C. § 527(f).  The term "exempt function" refers to the function of influencing or attempting to influence the selection, nomination, election, or appointment of any individual to any federal, state, or local public office or office in a political organization, or the election of Presidential or Vice-Presidential electors, i.e., political campaign intervention activity.  *See* 26 U.S.C. § 527(e)(2).  A § 501(c)(4) social welfare group that engages in political campaign intervention is subject to taxation on the amount expended for that activity (or on the group's investment income for the year, whichever is less).  *See* 26 U.S.C. § 527(f)(1).  A social welfare group may, however, maintain a segregated fund for political campaign intervention activities.  *See* 26 U.S.C. 527(f)(3).  The segregated fund is treated for tax purposes as a § 527 political organization, which provides an avenue for social welfare groups to participate in political campaign intervention while still avoiding taxation.

The IRS uses the "facts and circumstances" test of Revenue Ruling 2004-6 to determine whether a group that is otherwise exempt from federal income tax under § 501(a) has spent money on an "exempt function," thereby subjecting the group's income to tax under § 527(f).  *See* Internal Revenue Service, Revenue Ruling 2004-6, 2003 WL 23009324, at *1 (2003).  Of particular significance to the instant case, the IRS also relies on the test to determine whether applicants for tax exempt status under § 501(c)(4) qualify for such status. The IRS does this to determine whether an applicant's activity is "primarily" social welfare or is inordinately dedicated to political campaign intervention.

The "facts and circumstances" test provides that

factors that tend to show that an advocacy communication on a public policy issue is for an exempt function under § 527(e)(2) include, but are not limited to, the following:

a) The communication identifies a candidate for public office;

b) The timing of the communication coincides with an electoral campaign;

c) The communication targets voters in a particular election;

d) The communication identifies that candidate's position on the public policy issue that is the subject of the communication;

e) The position of the candidate on the public policy issue has been raised as distinguishing the candidate from others in the campaign, either in the communication itself or in other public communications; and

f) The communication is not part of an ongoing series of substantially similar advocacy communications by the organization on the same issue.

. . .

[F]actors that tend to show that an advocacy communication on a public policy issue is not for an exempt function under § 527(e)(2) include, but are not limited to, the following:

a) The absence of any one or more of the factors listed in a) through f) above;

b) The communication identifies specific legislation, or a specific event outside the control of the organization, that the organization hopes to influence;

c) The timing of the communication coincides with a specific event outside the control of the organization that the organization hopes to influence, such as a legislative vote or other major legislative action (for example, a hearing before a legislative committee on the issue that is the subject of the communication);

d) The communication identifies the candidate solely as a government official who is in a position to act on the public policy issue in connection with the specific event (such as a legislator who is eligible to vote on the legislation); and

e) The communication identifies the candidate solely in the list of key or principal sponsors of the legislation that is the subject of the communication.

- 4 -

Revenue Ruling 2004-6, 2003 WL 23009324, at 3-4.[2]

As can be seen, the "facts and circumstances" test contains 11 factors: six that tend to show that an activity is campaign-related, and five that tend to show that it is not. *See id.* The test also contains six hypothetical examples (so-called "situations") that illustrate how the test is applied. *See id.* at 4-7. The 11 factors are not weighted, and the ruling permits consideration of other, unspecified factors. *See id.* at 3-4.

B

In March 2011 Freedom Path applied for recognition as a social welfare group under § 501(c)(4). In September 2013 the IRS sent Freedom Path a "proposed denial" of its application. Using the "facts and circumstances" test to analyze Freedom Path's television advertisements and mailers, the IRS concluded that many of Freedom Path's communications were political campaign interventions. The IRS proposed to deny Freedom Path's application on the basis that it was not operated exclusively for the promotion of social welfare. The proposed denial was not a final IRS action because Freedom Path was entitled to file a protest.

In 2014 Freedom Path filed the instant lawsuit, alleging that the IRS and IRS officials had targeted Freedom Path for unconstitutional and unlawful treatment based on its conservative political views. Freedom Path alleges that the IRS delayed its application,

_____

[2]Because the Westlaw version of Revenue Ruling 2004-6 is not paginated, the court refers in this memorandum opinion and order to the pages of Revenue Ruling 2004-6 as reflected in an appendix to the government's brief.

wrongly subjected it to burdensome requests for information, and leaked its confidential tax information. The IRS has not issued a final determination as to Freedom Path's application for tax-exempt status because the parties have stipulated to an order enjoining the IRS from continuing to process Freedom Path's application during the pendency of this lawsuit.

Freedom Path now moves for partial summary judgment on Count VI of its second amended complaint, which alleges that the "facts and circumstances" test is unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment, and on Count VIII, which alleges that the test is unconstitutionally vague and/or overbroad and promotes viewpoint discrimination, in violation of the First Amendment. The government opposes the motion. The court has heard oral argument.

II

Freedom Path is moving for summary judgment on claims for which it bears the burden of proof. Accordingly, to be entitled to summary judgment on each claim, Freedom Path "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Freedom Path must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine*

- 6 -

*Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

As a threshold issue, the court must decide whether Freedom Path is making only facial challenges to the "facts and circumstances" test or as-applied challenges as well.  In the briefing, the government contends, *see* Ds. Br. 8, and Freedom Path appears to acknowledge in its reply brief, that Freedom Path is making only a facial challenge, *see* P. Reply Br. 6.  At oral argument, however, Freedom Path asserted that it is making both types of challenges.  *E.g.*, Tr. Oral Arg. 5.

The court concludes that Freedom Path is making only facial challenges at this time. The IRS has not made a final determination regarding Freedom Path's application for tax-exempt status, and the parties have stipulated to an order enjoining the IRS from continuing to process Freedom Path's application during the pendency of this lawsuit.  And in moving for partial summary judgment, Freedom Path has not developed the factual record that is necessary for an as-applied challenge.

IV

The court now turns to Count VI of Freedom Path's second amended complaint, which alleges that the "facts and circumstances" test is unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment.

A

"Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause." *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 439 (5th Cir. 2014)

(quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). "'[T]he void-for-vagueness doctrine' requires [government to] articulate a proscription 'with sufficient definiteness that ordinary people can understand what conduct is prohibited' while providing enough objective metrics that it 'does not encourage arbitrary and discriminatory enforcement.'" *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 580 (5th Cir. 2012) (first alteration in original) (quoting *Gonzales v. Carhart*, 550 U.S. 124, 149 (2007)). "The degree of vagueness that the Constitution tolerates . . . depends in part on the nature of the enactment. . . . The Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982).

B

Freedom Path first contends that the "facts and circumstances" test is unconstitutionally vague because it fails to provide a person of ordinary intelligence with fair notice of what is prohibited.  *See Williams*, 553 U.S. at 304; *Big Mama Rag, Inc. v. United States*, 631 F.2d 1030, 1035 (D.C. Cir. 1980).  Freedom Path maintains that, under the test, it has no way of distinguishing permissible issue advocacy from campaign speech that would adversely affect its ability to obtain § 501(c)(4) status, *see Thomas v. Collins*, 323 U.S. 516, 535 (1945) (holding that state requirement to register before "solicit[ing]" union membership was unconstitutionally vague); that the test lists 11 total factors that are not weighted against each other, and whose relative importance may vary on a case-by-case basis; that the IRS has

- 8 -

imposed a "we know it when we see it" standard; and that the IRS's failure to clarify or quantify the "primarily engaged in social welfare" standard has exacerbated the uncertainty around the "facts and circumstances" test as it relates to applicants for § 501(c)(4) status.

Freedom Path also maintains that the "facts and circumstances" test is unconstitutionally vague because it is so standardless that it leads to discriminatory enforcement. *See Williams*, 553 U.S. at 304; *Big Mama Rag*, 631 F.2d at 1035. For example, Freedom Path posits that the IRS has inconsistently considered the subjective intent of an organization's communications in some cases, but not others. In support of this contention, Freedom Path points out that the IRS granted a favorable decision on § 501(c)(3) status to a group called Vote AID—which stated its intent to help elect progressive candidates to office—even though § 501(c)(3) organizations are normally not permitted any campaign intervention activity at all, which is a stricter standard than applies to a § 501(c)(4) organization.

The government responds that the test is not unconstitutionally vague when judged under the appropriate standard. It posits that less specificity is required in civil regulations than in criminal laws, and that many of Freedom Path's authorities are therefore distinguishable, *see Hoffman*, 455 U.S. at 498-99; that economic regulations are held to a lower vagueness standard because they are limited in scope, and the affected entities are likely to have recourse to clarify their meaning before acting, *see id.* at 498; and that the test is not subject to a heightened vagueness standard by virtue of being a restriction on speech, because it is a tax provision and does not substantially interfere with speech.

The government also maintains that the factors listed in the "facts and circumstances" test are clear and do not require a person of common intelligence to guess at their meaning; that Revenue Ruling 2004-6 is not like the vague rule held unconstitutional in *Big Mama Rag*, but instead resembles a successor rule to the one at issue in *Big Mama Rag*, which has fared well in judicial review, *see National Alliance v. United States*, 710 F.2d 868, 875 (D.C. Cir. 1983) (stating in *dicta* that four-factor "methodology" test, which replaced "full and fair exposition" test held unconstitutional in *Big Mama Rag*, improved on clarity); and that a tax rule is not unconstitutionally vague merely because it calls for a balancing of factors, as in the example of the six-factor test used in the Fifth Circuit to determine whether someone is a "responsible person" liable for withholding taxes on employee pay, *see Barnett v. IRS*, 988 F.2d 1449, 1455 (5th Cir. 1993).

The government also contends that the "facts and circumstances" test does not invite arbitrary or discriminatory application because its factors are discrete and objective; that the 2013 report of the Treasury Inspector General for Tax Administration found only an appearance of partiality, not actual discrimination, in the IRS's selection of applications for greater review based on their name and political alignment; and that judicial and administrative review mitigate the potential for abuse of official discretion.

Finally, the government posits that, to the extent that Revenue Ruling 2004-6 is vague, it lacks the harmful consequences that the vagueness standard is intended to police, because Congress has given organizations the option of avoiding the regulation completely: if a § 501(c)(4) organization chooses to engage in political campaign intervention, it can opt to

set up a segregated fund that receives the tax exemptions of a § 527 political organization, *see* 26 U.S.C. § 527(f)(3), since § 527 political organizations do not owe tax on income that is used for political campaign intervention, *see* 26 U.S.C. § 527(c)(1) and 527(e)(2).

In reply, Freedom Path contends that forming a segregated fund would not alleviate the problems with Revenue Ruling 2004-6 because the segregated fund is a separate legal entity, and its formation is too great an administrative and financial burden to be considered an alternative to an appropriately clear standard. Regarding the vagueness standard for civil laws, Freedom Path maintains that it could in fact be criminally prosecuted for misreporting its activity on tax returns. Freedom Path also contends that the § 501(c)(4) organization is an advocacy group, not a business activity, and that any lower vagueness standard for economic regulation is inapplicable to this case.

Freedom Path also points to consequences of the test's alleged vagueness. It maintains that the test permits the IRS to keep disfavored § 501(c)(4) groups in doubt about their continued existence by maintaining ambiguity in the standard that governs when issue advocacy becomes campaign intervention. And Freedom Path argues that the test also jeopardizes its funding because some potential donors—trade associations, unions, and financial firms—are prohibited by other regulations from donating to a § 501(c)(4) group whose future status is in jeopardy.

C

The court concludes that the "facts and circumstances" test of Revenue Ruling 2004-6 is not unconstitutionally vague. The Revenue Ruling is a civil regulation, subject to a less

strict vagueness standard than is a criminal law. *See Hoffman*, 455 U.S. at 498-99. Viewing Revenue Ruling 2004-6 in this context, no controlling precedent supports holding that it is void for vagueness.

*Big Mama Rag* may be the closest case on point, but Revenue Ruling 2004-6 is distinguishable from the regulation at issue in that case. The regulation held unconstitutional in *Big Mama Rag* provided that, to be recognized as a § 501(c)(3) educational organization, an advocacy group must give a "full and fair exposition of the pertinent facts" in its communications, and not present merely "unsupported opinion." *Big Mama Rag*, 631 F.2d at 1037. The D.C. Circuit held that this regulation was unconstitutionally vague because, *inter alia*, terms such as "full," "fair," and "pertinent" were indefinite and subject to varying individual sensitivities. *See id.* By contrast, the 11 non-exclusive factors in Revenue Ruling 2004-6 primarily address who, what, where, when, why, or how types of questions about the contents of communications—in other words, questions of the type that would be addressed in the lead of a competently written newspaper article about the organization's communications. *See Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994) (addressing this concept in context of securities fraud suit).

In addition to the specific quality of the individual factors, the use of a multifactor test does not make a tax rule vague *per se*. *See Barnett*, 988 F.2d at 1455 (setting out six-factor test for "responsible person" liability for withholding taxes). And, as set out more fully in the court's analysis of Freedom Path's First Amendment claim, Revenue Ruling 2004-6 is not subject to a heightened vagueness standard by virtue of being a restriction on speech. *See*

*infra* § V.  The specific and objective factors set out in the "facts and circumstances" test, viewed under the appropriate vagueness standard for a civil regulation, are not unconstitutionally vague.  *See Lakey*, 667 F.3d at 580.

V

The court now turns to Count VIII, in which Freedom Path alleges that the "facts and circumstances" test violates the First Amendment on the basis that it is unconstitutionally vague and overbroad and promotes viewpoint discrimination.

A

"Under the First Amendment, 'a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'"  *Serafine v. Branaman*, 810 F.3d 354, 364 (5th Cir. 2016) (quoting *United States v. Stevens*, 559 U.S. 460, 473 (2010)).  "Indeed, '[t]he constitutional defect of an overbroad restraint on speech lies in the risk that the wide sweep of the restraint may chill protected expression.'"  *Id.* (alteration in original) (quoting *United States v. Wallington*, 889 F.2d 573, 576 (5th Cir. 1989)).  For a facial challenge to succeed, "[t]here must be a 'significant imbalance between the protected speech the statute should not punish and the unprotected speech it legitimately reaches.'"  *Hersh v. United States* ex rel *Mukasey*, 553 F.3d 743, 762 (5th Cir. 2008) (quoting *Shackelford v. Shirley*, 948 F.2d 935, 940 (5th Cir. 1991)).

B

Freedom Path first contends that the "facts and circumstances" test is overbroad because a test intended to identify campaign intervention activity also wrongly encompasses a substantial amount of issue advocacy.  *See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).  Freedom Path maintains that the Supreme Court has held in campaign finance cases that multifactor tests used to separate issue advocacy from political campaign activity are overbroad.

In *Federal Election Commission v. Wisconsin Right to Life, Inc.,* 551 U.S. 449 (2007) ("*WRTL II*") (controlling opinion of Roberts, C.J.),[3] the Court addressed an as-applied challenge to § 203 of the Bipartisan Campaign Reform Act of 2002, 2 U.S.C. § 441b(b)(2), which prohibited "electioneering communications" by some corporate entities.  *See WRTL II*, 551 U.S. at 455-57.   The Court held that § 203 was unconstitutional under the First Amendment when applied to criminalize advertisements that criticized particular senators near the time and jurisdiction of an election, but stopped short of calling for their election or defeat.  *See id.* at 481.   As relevant here, the Court also held that the proper standard for distinguishing issue advertisements from electioneering communications under § 203 "must eschew the open-ended rough-and-tumble of factors, which invites complex argument in a trial court and a virtually inevitable appeal.  In short, it must give the benefit of any doubt to

---

[3]The opinion of Chief Justice Roberts, joined by Justice Alito, on Parts III and IV is controlling.  *See Marks v. United States*, 430 U.S. 188, 193 (1977) (explaining "narrowest grounds" rule for interpreting fragmented Supreme Court decisions).  A majority of the Court joined Parts I and II.  *See WRTL II*, 551 U.S. at 454.

protecting rather than stifling speech." *Id.* at 469 (alterations, citation, and internal quotation marks omitted).

Freedom Path next cites *Citizens United v. Federal Election Commission*, 558 U.S. 310, 336 (2010). Whereas *WRTL II* narrowed the prohibition on corporate entities' electioneering communications, *Citizens United* eliminated it entirely, and also overturned the prohibition on express campaign advocacy. *See Citizens United*, 558 U.S. at 365. In the section of *Citizens United* that Freedom Path cites, the Court held that it was required to decide the facial validity of these prohibitions because, *inter alia*, the status quo Federal Election Commission ("FEC") enforcement regime was the equivalent of a prior restraint on speech, and could not be sustained. *See id.* at 335. These FEC regulations included an 11-factor test adopted following *WRTL II*. *See id.* The Court held that "the FEC has created a regime that allows it to select what political speech is safe for public consumption by applying ambiguous tests." *Id.* at 336. Freedom Path cites *Citizens United* and *WRTL II* as authority for the premise that the "facts and circumstances" test is overbroad, contending that it is indistinguishable from the multifactor tests held unconstitutional in those cases.

Freedom Path advances several other reasons—that primarily relate to the test's alleged use in viewpoint discrimination—for why the "facts and circumstances" test violates the First Amendment: first, Freedom Path's experience exemplifies the IRS's use of the test to harass and delay disfavored groups; second, the test improperly uses a group's intent as a factor in distinguishing issue advocacy from campaign activity, *see WRTL II*, 551 U.S. at 468; third, the test improperly uses the timing of a communication relative to an election as

a factor in its analysis, *see id.* at 472; fourth, the test improperly considers the context of a communication, such as by asking whether a communication is part of an ongoing series of advertisements by the group; and, fifth, taking context into account unlawfully imports subjective intent factors into a regulation that should be only content-based, *see id.* at 473-74 ("WRTL's participation in express advocacy in other aspects of its work is not a justification for censoring its issue-related speech."). For all these reasons, Freedom Path maintains that Revenue Ruling 2004-6 cannot withstand First Amendment scrutiny.

The government responds that Revenue Ruling 2004-6 does not substantially burden protected speech so as to render it overbroad. It posits that a law should only be invalidated if its overbreadth is substantial, both in absolute terms and in relation to its legitimate sweep, *see Williams*, 553 U.S. at 292; that the rule does not substantially burden speech because it does not prohibit speech, but rather categorizes speech for which expenditures may be taxable by statute, *see Regan v. Taxation With Representation*, 461 U.S. 540, 549 (1983); and that Revenue Ruling 2004-6 should accordingly receive a more lenient review for overbreadth, similar to disclosure requirements in campaign finance, *see Citizens United*, 558 U.S. at 366, or rules for determining what is a political action committee, *see The Real Truth About Abortion, Inc. v. Federal Election Commission*, 681 F.3d 544, 558 (4th Cir. 2012). The government also maintains that the timing of a communication may properly be considered so long as it is not used as a proxy for the speaker's intent, *see Real Truth*, 681 F.3d at 554, and that Revenue Ruling 2004-6 does not inquire into the speaker's subjective intent.

C

The court concludes that the "facts and circumstances" test does not violate the First Amendment.  Although Freedom Path is correct that *Citizens United* and *WRTL II* prohibit the use of multifactor tests when deciding whether speech will be punished, Revenue Ruling 2004-6 does not ban, restrain, or punish speech.  Instead, it regulates whether expenditures for certain types of speech will be subsidized through their treatment for federal income tax purposes.  *Cf. Regan*, 461 U.S. at 549-50 ("[A] legislature's decision not to subsidize the exercise of a fundamental right does not infringe the right, and thus is not subject to strict scrutiny.").  The authorities on which Freedom Path relies hold that an "open-ended rough-and-tumble of factors" may not constitutionally be used to distinguish issue advertisements from campaign speech for purposes of criminal punishment, *Citizens United*, 558 U.S. at 336; *see WRTL II*, 551 U.S. at 469, but they do not address the type of test that is constitutionally required when deciding an organization's eligibility for exemption from federal income tax.

Revenue Ruling 2004-6 implements Congress' choice to subsidize social welfare groups' issue advocacy, but not their political campaigning (unless it is done through a segregated fund).  *See* 26 U.S.C. §§ 501(c)(4), 527(f)(1).  The statutory policy itself is clearly constitutional.  *See Regan*, 461 U.S. at 545 (upholding legislative choice not to subsidize § 501(c)(3) groups' lobbying).  Freedom Path alleges in Count VIII that the "facts and circumstances" test does a poor job of administering the statute because its campaign speech definition is over-inclusive.  But even taking this allegation as true, no cited authority holds

that an over-inclusive tax rule affecting speech equates to an overbroad restriction on speech. *See id.* at 548. A tax deduction policy that discriminates on its face against a suspect classification may violate First Amendment rights, *id.*, but that is not alleged to be the case here.

The Supreme Court has held that, in general, denial of a tax deduction does not infringe the right to free speech. *See id.* at 548-50; *see also Dep't of Tex., Veterans of Foreign Wars of U.S. v. Tex. Lottery Comm'n*, 760 F.3d 427, 434-38 (5th Cir. 2014) (en banc) (contrasting "subsidy" and "regulatory" constitutional regimes). Although *Big Mama Rag* suggested that tax regulations could chill speech, *Regan* was decided more recently, and undermines that premise. *Compare Big Mama Rag*, 631 F.2d at 1035, *with Regan*, 461 U.S. at 549-50. Even assuming that Freedom Path has other actionable claims relating to the IRS's conduct, the instant facial challenge to Revenue Ruling 2004-6 does not identify a constitutional defect.

Finally, Freedom Path has not shown that Revenue Ruling 2004-6 contributes to viewpoint discrimination. In these contentions, Freedom Path again largely relies on the distinguishable decisions in *Citizens United* and *WRTL II*, which addressed penalties on speech rather than eligibility for exemption from federal income tax. Further, Revenue Ruling 2004-6 does not on its face single out any viewpoint or inquire into a group's intent. And the test's consideration of timing and other contextual factors is only an argument related to its alleged overbreadth, not an independent constitutional defect. *See WRTL II*, 551 U.S. at 472-76 (criticizing use of timing and contextual factors when related to punishment

of speech).

\*   \*   \*

The court concludes that Freedom Path has failed to establish beyond peradventure that the "facts and circumstances" test is facially unconstitutional under the First or Fifth Amendment, and it therefore denies Freedom Path's motion for partial summary judgment.

**SO ORDERED**.

July 7, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE