# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10092

FREEDOM PATH, INCORPORATED,

    Plaintiff - Appellant

v.

INTERNAL REVENUE SERVICE; UNITED STATES OF AMERICA; UNKNOWN NAMED OFFICIALS OF THE INTERNAL REVENUE SERVICE, In their official and personal capacities as employees,

    Defendants - Appellees

United States Court of Appeals<br>
Fifth Circuit<br>
**FILED**<br>
January 16, 2019<br>
Lyle W. Cayce<br>
Clerk

Appeal from the United States District Court for the
Northern District of Texas

Before WIENER, SOUTHWICK, and COSTA, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

The plaintiff claimed that an Internal Revenue Service test for determining certain tax liabilities is facially unconstitutional. The district court held it is not. We conclude that the plaintiff does not have standing to bring this facial challenge. Therefore, we VACATE the district court's final judgment for lack of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2011, Freedom Path applied for Section 501(c)(4) status under the Internal Revenue Code, claiming it was in the category of

"organizations not organized for profit but operated exclusively for the promotion of social welfare." *See* 26 U.S.C. § 501(c)(4). A section 501(c)(4) organization is exempted from income taxation. *Id.*

About one year after receiving Freedom Path's application, the Internal Revenue Service ("IRS") requested additional information. Freedom Path responded. In February 2013, the IRS requested still more. Freedom Path provided some information but generally rejected the requests because the IRS allegedly leaked its tax returns to a news organization. On September 30, 2013, after Freedom Path declined to participate in an optional expedited review process, the IRS sent Freedom Path a proposed denial of its application for recognition as a social welfare organization under Section 501(c)(4). That letter analyzed whether Freedom Path operated "exclusively for the promotion of social welfare," applied Revenue Ruling 2004-6, and determined that it did not.

Freedom Path sued the IRS in the United States District Court for the Northern District of Texas. It claimed the IRS was identifying organizations such as itself that espoused conservative political viewpoints, then making unreasonable requests for information and otherwise delaying action on their applications. In time, Freedom Path moved for a partial summary judgment, seeking a declaratory judgment that the test described in Revenue Ruling 2004-6 was facially unconstitutional and chilled its First Amendment rights. The district court denied the motion on July 7, 2017. Following that decision, the parties stipulated that Freedom Path's as-applied challenge to Revenue Ruling 2004-6 would be dismissed without prejudice, potentially leaving that issue for another day. Agreement was reached as to the other claims in the case, leaving for the district court's determination only the issue of the facial challenge.

The district court entered a final judgment on November 28, 2017, holding that the Revenue Ruling was not unconstitutional and dismissing all other claims. Freedom Path filed a timely appeal.

## DISCUSSION

The initial question on this appeal, and ultimately the only one needing an answer, concerns the plaintiff's standing to bring a facial challenge to Revenue Ruling 2004-6. Rev. Rul. 2004-6, 2004-1 C.B. 328. We will explain the role of the Revenue Ruling at issue, its supposed vagueness, and then apply the relevant principles of standing for facial challenges.

The Revenue Ruling's explicit purpose is to provide guidance on the "tax implications of advocacy that meets the definition of political campaign activity." *Id.* It explains that Section 501(c)(4) organizations may be taxed on funds expended "for an exempt function described in [Section] 527(e)(2)" of the Internal Revenue Code. *Id.* at 329. It further states that Section "527(e)(2) includes all attempts to influence the selection, nomination, election, or appointment of" public officials. *Id.* The result is that if a 501(c)(4) organization expends funds for political campaign activities, that expense is taxable under Section 527(f)(1). *See id.* The latter provides that Section 501(c)(4) organizations are taxed on either the organization's total-exempt-function spending (for our purposes, political campaign intervention) or its net investment income, whichever is less. *See* 26 U.S.C. § 527(f)(1). Thus, if a 501(c)(4) organization has no net investment income, it has no tax burden under Section 527. Freedom Path has no such income and no tax burden. At least from the perspective of taxation, then, the plaintiff suffers no injury no matter how the IRS labels its communications or expenditures.

We now look at the clarity of the Revenue Ruling. To determine whether "an advocacy communication on a public policy issue is for an exempt function under [Section] 527(e)(2)," Revenue Ruling 2004-6 identifies 11 factors for

consideration. Rev. Rul. 2004-6, 2004-1 C.B. at 330. "All the facts and circumstances must be considered," the directive states, in addition to the 11 listed factors. *Id.* Freedom Path alleges that the test is facially unconstitutional because its limitless breadth of potential considerations makes it too vague to give useful *a priori* guidance.

To restate and elaborate on our earlier explanation of the background of the case, the IRS's use of the Revenue Ruling which has led to this lawsuit is explained in the September 2013 IRS letter, proposing denying Freedom Path its exemption as a Section 501(c)(4) organization. After reviewing the facts, the proposed denial letter relies on the following: Section 501(c)(4), a regulation, and finally five Revenue Rulings. The penultimate one chronologically is the one challenged here. The letter's application of Revenue Ruling 2004-6 describes both the six factors favoring a finding that an expenditure was for an exempt function and the five which show that the expenditure was not. The letter indicates the purpose of Revenue Ruling 2004-6 is "to determine whether the organization described in each [situation] has expended funds for a [Section] 527(e)(2) exempt function as a result of an advocacy communication on a public policy issue." The denial letter then uses that guidance and the other authorities to conclude that Freedom Path has not been "operated exclusively for the promotion of social welfare within the meaning of [Section] 501(c)(4) and the regulations thereunder."

To have standing to pursue the facial claim that this Revenue Ruling causes it injury, Freedom Path must show that it has suffered an injury in fact, that the injury is fairly traceable to the defendant's actions, and that the relief sought will likely redress its injury. *See Zimmerman v. City of Austin*, 881 F.3d 378, 388 (5th Cir. 2018). Even when a plaintiff mounts a facial First

Amendment challenge, "Article III standing retains rigor." *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 754 (5th Cir. 2010).

The IRS's current argument is that the Revenue Ruling's potential vagueness is irrelevant because the absence of taxable income means Freedom Path has no injury traceable to any claimed vagueness in the Revenue Ruling itself. The district court, which did not have the benefit of this argument, held there was standing but concluded the Revenue Ruling 2004-6 does not concern speech.[1] We give *de novo* review of determinations of standing. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006).

Freedom Path asserts there is standing to make a facial challenge to the "Facts and Circumstances Test" of the Revenue Ruling because the test is vague, overbroad, and chills its speech. A specific allegation in the complaint is that Freedom Path decided not to air "Leader," a television advertisement, because this test made it unclear whether airing the ad would be viewed as an exempt function activity or non-taxable issue advocacy.[2] "Chilling a plaintiff's speech is a constitutional harm adequate to satisfy the injury-in-fact requirement." *Houston Chronicle Publ'g Co. v. City of League City*, 488 F.3d 613, 618 (5th Cir. 2007).

Even if Freedom Path has made a sufficient claim of chilled speech, the injury must be traceable to the allegedly vague provision. For Freedom Path

---

[1] While the IRS argued before the district court that there was no standing, it presents a new factual basis for the argument on appeal. We will consider the new argument because "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). We must determine jurisdiction regardless of whether or in what manner it was raised below. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002).

[2] We note that Freedom Path has not produced any evidence, such as an affidavit, to support its claim that it decided not to air its "Leader" advertisement because of the IRS's Facts and Circumstances Test, which is necessary at the summary judgment stage. *See Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001).

to have standing, we must be convinced that a supposedly vague Facts and Circumstances Test is what chills Freedom Path's speech.

Freedom Path emphasizes that the IRS relied in part on the Revenue Ruling in its proposed denial of Freedom Path's Section 501(c)(4) status, and consequently the Revenue Ruling was the agent of its injury. Further, Freedom Path argues its status as a 501(c)(4) organization could be threatened if the IRS determines that too many of its expenditures were for exempt functions rather than issue advocacy.

The problem we see with this argument is that the plaintiff is not arguing that the law in question is invalid because of how that directive affects its tax liability — which is the determination that is the purpose of the Revenue Ruling. Instead, Freedom Path's argument is that the IRS uses this Revenue Ruling for other purposes as well, and specifically as one of the tests for determining whether an applicant is entitled to recognition as a 501(c)(4) organization.

This argument leaves the facial terms of the Revenue Ruling behind and moves into the arena of an as-applied challenge. To find the unconstitutionality Freedom Path claims requires that we go beyond the language of the Revenue Ruling and analyze the way in which the IRS applies it beyond the text. On a facial challenge, however, we do not look beyond the text. *See Washington State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449-50 (2008). We agree that "[a] 'facial challenge' to a statute considers only the text of the statute itself, not its application to the particular circumstances of an individual." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d. Cir. 2006). The Revenue Ruling does not even facially apply to determinations of an organization's Section 501(c)(4) status. Instead, the purpose of the Revenue Ruling 2004-6 is to determine whether particular expenditures of funds by a

501(c)(4), 501(c)(5), or 501(c)(6) organization were for an exempt function "as described in [Section] 527(e)(2)." Rev. Rul. 2004-6, 2004-1 C.B. at 329.

We cannot conclude based on Freedom Path's arguments that its alleged injury of chilled speech is traceable to the text of Revenue Ruling 2004-6. Indeed, whatever vagueness it may have does not lead to uncertainty about the tax liability of organizations like Freedom Path when they have no investment income. That is because, as we earlier discussed, an organization is taxed under Section 527 for exempt function activity only to the extent the organization has net investment income. I.R.C. § 527(f)(1). Freedom Path admittedly has no such income and no tax obligation.

Freedom Path's claimed inability to know what communications will be deemed in pursuit of an exempt function is not an injury arising from the four corners of the Revenue Ruling but quite explicitly from its application beyond the facial terms. Thus, Freedom Path's claimed chilled-speech injury is not fairly traceable to the text of Revenue Ruling 2004-6, meaning it does not have standing to bring this facial challenge.

We VACATE the district court's final judgment and REMAND for the district court to DISMISS the case for lack of jurisdiction.